UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON HELLER, #278143,

          Petitioner,

                                        Case No. 13-CV-14513

v.

                                        HON. MARK A. GOLDSMITH

JEFFREY WOODS,

          Respondent.

_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 9), (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1) WITH PREJUDICE, AND (3) DENYING BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

### I. INTRODUCTION

Petitioner Jason Heller, confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner was convicted by a jury in the Oakland County Circuit Court of first-degree home invasion, Mich. Comp. Laws § 750.110a(2). Petitioner received a sentence of 15-to-40 years. Petitioner's sentence is being served consecutively with prior sentences he was on parole for when he committed the instant offense.

This matter is before the Court on Respondent's motion for summary judgment (Dkt. 9), in which he asks the Court to dismiss the petition as untimely. Petitioner has failed to file a response to the motion. For the reasons stated below, the Court agrees with Respondent and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability, and denies permission to appeal in forma pauperis.

1

## II.  BACKGROUND

On March 26, 2010, Petitioner was found guilty after a jury trial of first-degree home invasion.  Petitioner was sentenced to 15-to-40 years in prison.  In June of 2010, Petitioner's conviction was affirmed on appeal.  People v. Heller, No. 298375, 2011 WL 2857260, at *4 (Mich. Ct. App. July 19, 2011), leave denied 490 N.W.2d 1004 (Mich. 2012).

Petitioner does not allege, nor does the Rule 5 material reveal, that Petitioner pursued any state post-conviction relief in the state courts after his direct appeal.

The habeas petition now before the Court is dated October 23, 2013, and was filed on October 28, 2013.  See Pet. (Dkt. 1).  The petition raises the following five claims: (i) the admission of police officer testimony regarding Petitioner's prior bad acts violated Petitioner's right to due process, (ii) the trial court failed to take into account mitigating evidence in imposing sentence, (iii) the trial court failed to take into account further mitigating evidence in imposing sentence, (iv) the Michigan Supreme Court erred in failing to grant leave to appeal, and (v) the trial court erred in failing to grant Petitioner credit for time spent in jail.  Id. at 7-12.

On May 1, 2014, Respondent filed a motion for summary judgment, asserting that Petitioner's habeas action was time-barred when it was originally filed.  See Resp't Mot. at 9-10.  Petitioner did not file a response.

## III.  ANALYSIS

### A.  Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent statutory or equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. §§ 2244(d)(1)-(2); Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). None of the other potential starting points applies. Petitioner does not assert that his claims are based on previously unavailable facts or law, nor does he allege that the state created an external impediment preventing him from filing his petition. See §§ 2244(d)(1)(B)-(D).

For purposes of subsection 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). Here, the Michigan Supreme Court denied leave to appeal on February 1, 2012. Direct review ended 90 days later, on May 1,

3

2012, when the time expired for Petitioner to file a petition for writ of certiorari in the United States Supreme Court.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653-654 (2012).  The statute of limitations began running on the next day, May 2, 2012, and it expired one year later on May 2, 2013. Petitioner commenced the instant action on October 23, 2013, when he placed the petition in the prison mail system, after the limitations period had already expired.

Petitioner has not filed a response to Respondent's motion.  While it is true the AEDPA statute of limitations is subject to equitable tolling in appropriate cases, see Holland v. Florida, 560 U.S. 631, 645 (2010), a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 649.  Petitioner has made no such showing. And although Petitioner is presumably a prisoner who is untrained in the law, this does not warrant equitable tolling. Ignorance of the law is not a valid reason for equitable tolling, even for imprisoned pro se habeas petitioners. Griffin v. Rogers, 399 F.3d 626, 637 (6th Cir. 2005) (noting that "ignorance of the law alone is not sufficient to warrant equitable tolling"); Winkfield v. Bagley, 66 F. App'x 578, 583 (6th Cir. 2003) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse late filing." (brakets and citation omitted)).

Lastly, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in Schlup v. Delo, 513 U.S. 298 (1995).  See Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005).  Petitioner's case falls outside of the actual innocence tolling exception enunciated in Souter, because he has neither alleged nor presented any new, reliable evidence to establish that he was actually innocent of being a third-time habitual felony offender.  See Ross v. Berghuis, 417 F.3d 552, 556 (6th Cir. 2005) (where petitioner did not claim to have provided new evidence, his case fell outside

4

Souter, which "requires the petitioner to prove that new reliable evidence establishes his innocence by a more-likely-than-not standard").

### B. Certificate of Appealability and Leave to Proceed In Forma Pauperis

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Id.  Having undertaken the requisite review, the Court concludes that jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable.

Accordingly, a certificate of appealability is not warranted in this case.  The Court also denies Petitioner permission to appeal in forma pauperis because any appeal of this opinion and order would be frivolous.

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Respondent's motion for summary judgment (Dkt. 9).  The Court denies the petition for writ of habeas corpus (Dkt. 1), declines to issue a certificate of appealability, and denies Petitioner leave to appeal in forma pauperis.  The matter is dismissed with prejudice.

5

SO ORDERED.

Dated: October 30, 2014
    Detroit, Michigan

s\Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2014.

s/Johnetta M. Curry-Williams
CASE MANAGER